IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY C. HOLT,

    Petitioner,

v.                                                                 CASE NO. 1:12-cv-25-MP-GRJ

WARDEN, FCI MIAMI,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and paying the filing fee, Doc. 3. The Petition stems from Petitioner's convictions in the Tallahassee Division of the Northern District of Florida for one count of conspiracy to distribute and possess with intent to distribute controlled substances, two counts of possession with intent to distribute controlled substances, and one count of possession of a firearm by a convicted felon. *See United States v. Holt*, Case No. 4:05-cr-46-SPM-GRJ, Doc. 82. Petitioner's convictions and sentence were affirmed on appeal. *Id*. Doc. 136. Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting four claims of ineffective assistance of counsel and one claim of actual innocence. *Id*. Docs. 137, 156. The court denied all five claims raised in the motion to vacate and also denied Petitioner's request for a Certificate of Appealability. *Id*. Docs. 164, 166 and 167. Petitioner then applied to the Eleventh Circuit for a Certificate of Appealability, which was denied initially and upon reconsideration. *Id*. Docs. 176 and 177.

In the instant Petition, Petitioner asserts that he is entitled to habeas corpus relief under 28 U.S.C. § 2241with respect to four claims. In the first ground for relief, Petitioner contends that the use of two prior 1989 convictions to qualify him for the armed career criminal ("ACCA") enhancement, under 18 U.S.C. § 924(e)(1), was manifestly unfair. As a second ground for relief, Petitioner alleges that the use of a 1998 conviction for attempted trafficking to qualify him for the ACCA enhancement violated Petitioner's constitutional rights. In ground three Petitioner alleges that his trial counsel was ineffective at sentencing. Lastly, in ground four Petitioner contends that his appellate counsel was ineffective.

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court denied him relief*[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). In *Wofford*, the Eleventh Circuit held that a defendant may only avail himself of the savings clause of § 2255 when:

(1) that claim is based upon a retroactively applicable Supreme Court

> decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id*. However, even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")). The Eleventh Circuit has recently emphasized actual innocence means factual innocence, not legal innocence. *McKay v. United States*, 657 F.3d 1190, 1198-2000 (11th Cir. 2011.)

Petitioner cannot satisfy the requirements for the savings clause for a number of reasons.

First, Petitioner has identified no retroactively applicable Supreme Court decision that establishes that Petitioner's offenses of conviction are "nonexistent" within the meaning of *Wofford*. Neither has he demonstrated Eleventh Circuit law somehow foreclosed a claim he could have presented at trial, on direct appeal, or in his section 2255 motion.

In addition to his failure to open the portal under *Wofford* for bringing a § 2241 petition, Petitioner cannot demonstrate actual innocence, and with regard to the state convictions used to qualify him for the ACCA enhancement, the Petitioner has not demonstrated that he is factually innocent of the prior state convictions used to qualify him for the ACCA enhancement. Rather, Petitioner claims he is actually innocent because his prior state convictions, which were used to qualify him for the ACCA

*Case No: 1:12-cv-25-MP-GRJ*

enhancement, were subsequently deemed non-qualifying offenses under section 924(e)(1) by the Eleventh Circuit and the United States Supreme Court.

The problem with this argument is that it is completely foreclosed by *McKay*. In *McKay* the Eleventh Circuit held that in order to demonstrate actual innocence for purposes of the savings clause a defendant must show he is factually innocent, not merely legally innocent, of the predicate offenses. 657 F.3d at 1199-2000. Petitioner does not allege that he is factually innocent of the prior state convictions used to enhance his sentence under 924(e)(1) but only that he is legally innocent in the sense that the prior state convictions do not qualify for ACCA purposes.

Accordingly, because Petitioner has not demonstrated he is factually innocent of the predicate prior state convictions, he cannot demonstrate actual innocence for purposes of satisfying the savings clause.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 19th day of March 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.