UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21810-Civ-SEITZ
         (12-00025-Civ-MP/GRJ)
         (05-00046-Cr-SPM/GRJ)
MAGISTRATE JUDGE P. A. WHITE

ANTHONY HOLT,                    :

        Petitioner,              :

v.                               :          REPORT OF
                                         MAGISTRATE JUDGE
WARDEN WILSON,                   :

        Respondent.              :
_____

Introduction

    This matter is before this Court on the petitioner's petition
for writ of habeas corpus filed pursuant to 28 U.S.C. §2241, via
the savings clause of 28 U.S.C. §2255(e) attacking his designation
as an Armed Career Criminal, entered in the United States District
Court for the Northern District of Florida, case number 05-00046-
Cr-SPM/GRJ.

    In pertinent part, petitioner attacks the legality of his
sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.
§924(e), arguing that one of his predicate convictions does not
qualify as a "serious drug offense" and the other two convictions
were erroneously counted as separate offenses pursuant to Johnson
v. United States, 559 U.S. 133, 130 S.Ct. 1265 (2010); Begay v.
United States, 553 U.S. 137 (2008); Shepard v. United States, 544
U.S. 13 (2005); and United States v. Shannon, 631 F.3d 1187 (11th
Cir. 2011).[1]

_____

[1] Pursuant to 18 U.S.C. §924(e)(1), a defendant qualifies as an armed career
criminal if at the time he violates 18 U.S.C. §922(g), he has three prior
convictions for either "violent felonies" or "serious drug offenses", committed
on occasions different from one another. See 18 U.S.C. §924(e)(1). For purposes

Procedural History

In order to better understand the case, a brief synopsis of its procedural posture is beneficial. In 2005, petitioner was indicted for conspiring to distribute crack cocaine, cocaine, 3,4-Methylenedioxymethamphetamine ("MDMA"), and marijuana, in violation of 21 U.S.C. §§841(b)(1)(B)(iii), (C), (D), and 846 (Count One); possessing with intent to distribute crack cocaine, cocaine, and marijuana, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(iii), (C), (D), and 18 U.S.C. §2 (Counts Two and Three); possessing a firearm after having been convicted of felonies twice in 1989, once in 1990, and once in 1998, in violation of 18 U.S.C. §§922(g), and 924(e)(Count Four); and possessing a firearm in furtherance of drug trafficking crimes charged in Counts One and Three, in violation of 18 U.S.C. §924(c)(1)(A)(i) (Count Five). United States v. Holt, 246 Fed. Appx. 602, 604 (11th Cir. 2007).

Petitioner pled not guilty. Holt, 246 Fed. Appx. at 604. The government filed an information and notice of intent that, if petitioner were convicted of a drug crime under the indictment, then it would seek enhanced penalties provided under 21 U.S.C. §§841, 851. Id. The information stated that, based on three prior convictions for drug offenses, petitioner would be subject to a term of imprisonment from ten years to life imprisonment with an

_____

of an armed career offender enhancement pursuant to 18 U.S.C. §924(e)(1), the term "serious drug offense" means (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. §924(e)(2)(A).

In this case, petitioner is subject to a ten-year maximum sentence for his 18 U.S.C. §922(g) conviction without the ACCA enhancement, but he is subject to a fifteen-year mandatory minimum sentence with the ACCA enhancement.

2

eight-year term of supervised release for each of Counts One and Two, and imprisonment up to thirty years with a six-year term of supervised release for Count Three. Id.

On January 25, 2006, a jury convicted petitioner on the three drug charges, but could not reach a verdict on the two firearm counts. Holt, 246 Fed. Appx. at 605. Petitioner was found responsible for less than five grams of crack cocaine or cocaine base. Id. On February 22, 2006, a second jury acquitted petitioner of possessing firearms in furtherance of drug trafficking and failed to reach a verdict on the remaining count. Id. On April 10, 2006, petitioner was convicted of possession of firearms by a convicted felon. Id.

Petitioner's PSI set forth the calculations relating to his convictions on Counts One, Two, Three and Four. Holt, 246 Fed. Appx. at 605. Because the guideline for petitioner's conviction for possession of a firearm by a convicted felon resulted in the highest offense level, it was used to calculate his Sentencing Guidelines sentence. Id. The probation officer assigned petitioner a base offense level of 24 pursuant to U.S.S.G. §2K2.1, and four points were added pursuant to §2K2.1(b)(5). Id. Two points were added for obstruction of justice under U.S.S.G. §3C1.1. Id.

Petitioner's PSI established that he was arrested on August 11, 1998, for criminal activity on July 25, 1988, and was charged with possession of cocaine with intent to sell. Holt, 246 Fed. Appx. at 605. The PSI further showed that petitioner was subsequently arrested on October 6, 1988, for criminal activity on that day and was charged with the sale of cocaine base. Id. The PSI revealed that these two charges were consolidated for conviction and sentencing purposes in 1989 and that petitioner was sentenced

to one year and one day of imprisonment to be served concurrently. Id. Additionally, his PSI documents that, in 1998, petitioner was convicted in state court of attempted trafficking in drugs and that he initially was sentenced to fifteen years imprisonment, but that he was resentenced to time served in 2001. Id. At the time of his arrest in that case, 496 grams of cocaine were seized from petitioner. Id.

Based on the foregoing prior convictions for serious drug offenses, the probation officer found petitioner was subject to an enhanced sentence under 18 U.S.C. §924(e), the ACCA, and his adjusted offense level of 30 was automatically raised to 34 under U.S.S.G. §§4B1.4(a) and (b)(3)(A). Holt, 246 Fed. Appx. at 605. Additionally, because petitioner was an armed career criminal, his criminal history category was VI pursuant to U.S.S.G. §4B1.4. Id. His total offense level of 34 and a criminal history category of VI produced a Sentencing Guidelines range of 262-327 months in prison. Id.

At the sentencing hearing, the government submitted copies of petitioner's prior convictions, including: 1) a certified copy of his 1998 conviction for possession of cocaine with intent to sell; 2) a certified copy of his 1988 conviction for sale of cocaine; 3) an uncertified copy of his 1992 convictions for possession of cocaine with intent to sell and sale of cocaine; and 4) a certified copy of his 1998 conviction for attempted trafficking in controlled substances. Holt, 246 Fed. Appx. at 605. The government argued that, even if the judge considered only the three convictions represented by certified copies, petitioner nonetheless qualified as an armed career criminal. Id. The district judge considered the sentencing factors set forth in 18 U.S.C. 3553(a), the advisory nature of the Sentencing Guidelines, and sentenced petitioner to

4

294 months in prison for each of the four counts of conviction to run concurrently, followed by a term of six years of supervised release for the four counts of conviction to run concurrently, and $400 in special monetary assessments.

On appeal, petitioner argued, *inter alia*, that his prior convictions do not qualify as predicate offenses under the ACCA, and, therefore, he was improperly sentenced as a career criminal. Holt, 246 Fed. Appx. at 606. The Eleventh Circuit denied this claim as follows:

> Holt argues that he did not meet the criteria for being sentenced as an armed career criminal because there was no intervening arrest between the two criminal offenses that he committed in 1988, and the charges were consolidated for conviction and sentencing in 1989. Holt also argues that his 1998 conviction for attempted trafficking in drugs did not qualify as a predicate for the ACCA enhancement. The government contends that the information attached to the judgment for the 1989 convictions show that Holt was arrested on July 25, 1998, but escaped on the way to jail. The government also asserts that Hold does not dispute that the two criminal offenses were committed several months apart; therefore, regardless of whether there was an intervening arrest, the offenses are distinct predicated under the ACCA. With respect to Holt's 1998 conviction for attempted trafficking in drugs, the government establishes that the offense is a second-degree felony punishable by up to fifteen years; consequently, it qualifies as a serious drug offense.
>
> Using statutory interpretation, we review *de novo* whether a particular offense constitutes a violent felony for purposes of the ACCA. *United States v. Pope*, 132 F.3d 684, 689 (11th Cir. 1998). In determining whether a particular offense is a 'serious drug offense' under the ACCA, sentencing judges adopt a categorical approach and look only to the statutory definition of the crime charged, rather than the actual facts of the individual's prior conviction. 18 U.S.C. §924(e)(2)(A); *Taylor v. United States*, 495 U.S. 575, 600-02, 110 S.Ct. 2143,

2459-60, 109 L.Ed.2d 607 (1990). The definition of a qualifying state offense under the ACCA is a matter of federal law. *Id.* at 590-91, 110 S.Ct. at 2154. Section 924(e) provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a *serious drug offense*, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. §924(e)(1)(emphasis added). A 'serious drug offense' means 'an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law.' 18 U.S.C. §924(e)(2)(A)(ii).

Florida law provides that trafficking in 400 grams or more of cocaine, but less than 150 kilograms, is a first-degree felony, which must be sentenced to a mandatory minimum term of imprisonment of fifteen years. Fla. Stat. §§893.135(b)(1), (c). Attempted trafficking in cocaine, however, is a second-degree felony. Fla. Stat. §777.04(c). A conviction for a felony of the second degree is punishable by a term of imprisonment not exceeding fifteen years. Fla. Stat. §775.082(3)(c). Enhancement under the ACCA statute requires three temporally distinct crimes, but convictions need not be obtained on separate occasions. *United States v. Jackson*, 57 F.3d 1012, 1018 (11th Cir. 1995). '[S]o long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA.' *Pope*, 132 F.3d at 692.


In a similar context, we held that the crime of trafficking in drugs qualified as a predicate 'serious drug offense' for purposes of the ACCA. *United States v. James*, 430 F.3d 1150, 1155 (11th Cir. 2005), *aff'd on other grounds*, 550 U.S. 192, __, 127 S.Ct. 1586, 1597-1600, 167 L.Ed.2d 532 (2007). Additionally, the Supreme

Court determined that, in the context of a violent felony, because burglary was an enumerated felony under §924(e)(2)(B)(ii) and, because an attempt to commit an enumerated felony under §924(e)(2)(B)(ii) constituted a 'violent felony,' attempted burglary was also a 'violent felony' for purposes of the ACCA. *James*, 550 U.S. at __ 127 S.Ct. 1597–98. The Supreme Court reasoned that an attempt presents a potential risk and that an uncompleted burglary does not diminish the potential risk of physical injury. *Id.*

In *James*, we acknowledged that 'federal law permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs.' *Id.*, 403 F.3d at 1156 (citing *United States v. Bain*, 736 F.2d 1480, 1486 (11th Cir. 1984)). Accordingly, we conclude that Holt's conviction for attempted trafficking of drugs by possessing 400 grams or more of cocaine is within the ACCA's definition of a serious drug offense.

Furthermore, Holt's two 1989 prior convictions qualify as separate serious drug offenses, and the district judge's decision to enhance his sentence pursuant to the ACCA was correct. *See Parks v. City of Warner Robins*, 43 F.3d 609, 613 (11th Cir. 1995)(holding that we may affirm a decision on any adequate grounds, including grounds other than the grounds upon which the district judge actually relied). A preponderance of the evidence establishes that Holt had two separate convictions in 1989 for the purposes of the ACCA. Holt was arrested on August 11, 1988, for criminal activity on July 25, 1988, and he was charged with possession of cocaine with intent to sell. Holt's PSI shows that he subsequently was arrested on October 6, 1988, and charged with selling cocaine. Holt does not dispute that these two charges were consolidated for conviction and sentencing purposes, and that he was sentenced to one year and one day custody, to be served concurrently. Although the August 11, 1988, and October 6, 1988, crimes were consolidated for conviction and sentencing, they are two separate crimes for purposes of the ACCA, because the crimes were successive rather than simultaneous. *See Pope*, 132 F.3d at 692, *Jackson*, 57 F.3d at 1018. Therefore, a preponderance of the evidence supports two temporally distinct past crimes, and the district judge did not err in applying the ACCA to enhance Holt's sentence. Holt's three prior convictions for serious drug crimes meet the definition of an armed career criminal, which qualifies him for the enhancement.

7

<u>Holt</u>, 246 Fed. Appx. at 609-10.

Petitioner filed a motion to vacate sentence and conviction pursuant to 28 U.S.C. §2255, asserting four claims of ineffective assistance of counsel and one claim of actual innocence. (DE#4:1). The court denied all five claims raised in the motion to vacate and also denied petitioner's request for a certificate of appealability. (<u>Id.</u>). Petitioner then applied to the Eleventh Circuit Court of Appeals for a Certificate of Appealability, which was denied initially and upon reconsideration. (<u>Id.</u>)

On January 31, 2012, petitioner filed with the Northern District of Florida, this <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 raising four claims. (DE#1). On March 19, 2012, however, Magistrate Judge Gary Jones, sitting in the Northern District of Florida, issued a Report and Recommendation dismissing petitioner's writ of habeas corpus. (DE#4). Although petitioner initially alleged that the Northern District of Florida had jurisdiction to hear his petition, after receiving the Magistrate Judge's Report, petitioner objected to the court's Report, correctly asserting that the Northern District of Florida lacked jurisdiction because he is confined in the Southern District of Florida. (DE#5). Thereafter, petitioner's Section 2241 petition was vacated and transferred to this District. (DE#6).

Petitioner's §2241 petition is now before this Court for a determination of the applicability of the savings clause, pursuant to 28 U.S.C. §2255(e).

<u>Claims</u>

Construing his arguments liberally, petitioner asserts as follows:

    1. The fundamental defect in defendant's ACCA conviction and sentence is unfair and results in a miscarriage of justice. (DE#1:3).

    2. The prior conviction used to enhance defendant's sentence was fundamentally defective; and therefore, his sentence is unfair and results in a miscarriage of justice. (DE#1:4).

    3. The court wrongfully denied defendant's request for a certificate of appealability.(DE#1:4).

    4. Because there is no collateral estoppel, defendant raises claims of ineffective assistance of counsel. (DE#1:4).

<u>Jurisdiction</u>

When a federal <u>pro se</u> prisoner files a habeas corpus petition brought pursuant to 28 U.S.C. §2241, via the savings clause of 28 U.S.C. §2255(e), the prisoner must file the §2241 petition in the judicial district where he is incarcerated, not in the judicial district where his conviction and sentence were entered. <u>Westine v. Scott</u>, 356 Fed. Appx. 254 (11th Cir. 2009); citing <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 447, 124 S.Ct. 2711, 2724-25, 159 L.Ed.2d 513 (2004); <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991); <u>see also</u> <u>Ortiz-Alvear v. U.S. Attorney General</u>, 429 Fed. Appx. 955 (11th Cir. 2011). Because petitioner is currently incarcerated at the Federal Correctional Institution in Miami, Florida, which is within the Southern District of Florida, this Court has jurisdiction.

Discussion

Federal prisoners may file §2241 petitions to collaterally attack the manner in which their convictions and sentences are executed. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The provision of §2255 known as the "savings clause" permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to §2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion, is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. §2255 (emphasis added).

However, the burden to show that §2255 relief would be ineffective is on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1976).[2] Restrictions on §2255 motions, standing alone, do not render §2255 "inadequate or ineffective" within the meaning of the savings clause. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005); Wofford v. Scott, 177 F.3d 1236, 1237 (11th Cir. 1998). The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a non-existent offense; and (3) circuit law foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, or first §2255

---

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon the Eleventh Circuit Court of Appeals. See Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*).

10

motion. Wofford, 177 F.3d at 1244 n.3. To prove an offense is non-existent, a petitioner must show that he was imprisoned for conduct that was not prohibited. Sawyer v. Holder, 325 F.3d 1363, 1366 (11th Cir. 2003). The movant must satisfy all three criteria in order to avail himself of the §2241 remedy under Wofford, a burden the movant cannot carry.

Petitioner fails to meet the first Wofford prong as his claim is not based upon retroactive Supreme Court decisions. Petitioner relies on Johnson, supra, which narrowed the definition of a "violent felony" under the ACCA in the context of the Florida crime of battery, Fla. Stat. 784.03. Petitioner also relies on Begay v. United States, 533 U.S. 137, 144-45 (2008), which held that a New Mexico conviction for driving under the influence of alcohol was not an ACCA predicate under the residual clause because DUI does not involve conduct which is "purposeful, violent and aggressive." Although the foregoing cases are retroactively applicable Supreme Court cases, neither of the cases apply to petitioner's prior convictions. Thus, petitioner's claims are not based upon an intervening retroactive Supreme Court decision.

Likewise, movant's reliance on United States v. Shannon,[3] 631 F.3d 1187 (11th Cir. 2011) and United States v. Sneed,[4] 600 F.3d 1326 (11th Cir. 2010) is misplaced as they are not Supreme Court decisions.

---

[3]In Shannon, the Eleventh Circuit held defendant's prior conviction for cocaine trafficking under Florida law did not constitute a "controlled substance offense" under the Sentencing Guidelines, as would warrant an enhanced sentence as a career offender.

[4]In Sneed, the Eleventh Circuit held that a district court could not use police reports in determining whether a defendant's prior felony convictions were committed on different occasions.

11

If petitioner, however, were to rely on Shepard v. United States,[5] 544 U.S. 13 (2005), this reliance is also misplaced as Shepard, is not retroactively applicable. Corey v. United States, 221 Fed. Appx 1 (1st Cir. 2007); United States v. Christensen, 456 F.3d 1205, 1206-08 (10th Cir. 2006); United States v. Armstrong, 151 Fed. Appx. 155, 157 (3d Cir. 2005); United States v. Davis, 133 Fed. Appx. 916 (4th Cir. 2005).

Second, petitioner additionally fails to satisfy the second prong of the Wofford standard. The holdings of Sneed and Shepard do not establish petitioner was convicted of a "nonexistent offense." Neither Sneed nor Shepard established that petitioner's conduct did not violate 18 U.S.C. § 922(g); indeed, neither case interpreted §922(g) or any other offense statute. Instead, the Eleventh Circuit Court and the Supreme Court interpreted a statutory sentence enhancement, the ACCA, in both cases. Sentence enhancements are not crimes. See Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) (noting that a defendant who is convicted and has a sentencing guidelines enhancement applied to his sentence "has not been convicted of being guilty of the enhancement" because "[i]f guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt."). Therefore, it appears petitioner failed to satisfy the second prong of the Wofford standard. See, e.g., Dean v. McFadden, 133 Fed. Appx. 640, 642 (11th Cir.2005) (§2241 petitioner failed to satisfy first and second prongs of Wofford standard, where he

---

[5] In Shepard v. United States, 544 U.S. 13 (2005), the United States Supreme Court concluded that, in determining whether a prior conviction was a "violent felony," the district court may not consider police reports or complaint applications, but rather may examine the terms of the charging document, the terms of the plea agreement or transcript of the colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information. Shepard, 544 U.S. at 23-26.

challenged 240-month sentence for distributing cocaine and cocaine base on ground that two state court convictions used to enhance his federal sentence were vacated relying on <u>Daniels v. United States</u>, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (holding that after a sentencing proceeding has concluded, the defendant generally may not challenge his federal sentence through a §2255 motion on the ground that his prior convictions were unconstitutionally obtained), where no cases held that <u>Daniels</u> was applicable retroactively, and <u>Daniels</u> did not establish that petitioner was convicted of non-existent offense).

Moreover, petitioner's reliance on <u>Shannon</u>, <u>supra</u>, is misplaced. Therein, the Eleventh Circuit found the defendant's prior conviction for cocaine trafficking under Florida law did not constitute a "controlled substance offense" because the parties had agreed that because the district court was unable to determine the statutorily prohibited act for which the defendant was convicted, the Eleventh Circuit was forced to assume that his prior conviction was only for the purchase of cocaine; an act not included in U.S.S.G. §4B1.2(b). Accordingly, the Eleventh Circuit determined defendant's prior conviction for cocaine trafficking was improperly used to qualify him as a career offender and enhance his sentence. <u>Id.</u> Aside from the Eleventh Circuit already determining that petitioner's prior conviction was properly used to enhance his sentence, more importantly, there was no agreement by any of the parties that petitioner's prior conviction was only for the purchase of cocaine. As such, <u>Shannon</u> fails to establish that petitioner was convicted of a non-existent offense.

To the extent petitioner argues that a manifest injustice exception regarding actual innocence should allow his §2241 petition to go forward regardless of any procedural irregularities

13

because he is actually innocent of the enhancement under 18 U.S.C. § 924(e), this claim also fails. (DE#1:3-4;DE#1:memorandum of law:13,16). Because an actual innocence inquiry does not occur until after the savings clause opens the portal to a §2241 proceeding, the actual innocence exception to the procedural default rule is not at issue.

Notwithstanding, "actual innocence" does not apply to a career offender designation because status as a career offender is not a separate offense. See Gilbert, supra, (explaining that because sentences are not convictions, one may not be actually innocent of being a career offender. If sentencing guidelines enhancements were crimes, they would have to be charged in the indictment and proven beyond a reasonable doubt.). Therefore, because the movant does not claim to be innocent of the charge to which he was convicted guilty, but rather argues he is innocent of the sentencing enhancement, he remains without relief.

Because petitioner makes only a legal argument that the guidelines were improperly applied, he has not established the applicability of the savings clause to his claims, and has made no argument that he is factually innocent of any crime, the Court finds that this miscarriage of justice exception for actual innocence is unavailable to him and his §2241 petition is required to be dismissed on this additional ground. See Mckay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011); Gilbert, 640 F.3d at 1322-23.

In sum, petitioner cannot satisfy the three-pronged test set forth in Wofford, and the savings clause of §2255(e) does not apply to his claims. Therefore, petitioner's collateral attack on his federal conviction must be treated as a §2255 petition. Because

14

petitioner has previously filed a §2255 petition and has not received permission from the Eleventh Circuit to file another, the instant action is a successive petition, and this Court is without jurisdiction to consider it. Consequently, the instant petition must be dismissed.

<u>Conclusion</u>

It is therefore recommended that this motion to vacate sentence be dismissed, and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 21st day of February, 2013.

_____

UNITED STATES MAGISTRATE JUDGE

cc:  Anthony Holt, <u>Pro Se</u>
     Reg. No. 11500-017
     F.C.I. - Miami
     P. O. Box 779800
     Miami, Florida 33177

     Francis Ines Viamontes, AUSA
     U.S. Attorney's Office
     99 N.E. 4th Street
     Miami, Florida 33132