UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-21810-CIV-SEITZ

ANTHONY C. HOLT,

    Petitioner,

v.

WARDEN WILSON FCI-MIAMI,

    Respondent.
_____/

## ORDER AFFIRMING MAGISTRATE'S REPORT, DENYING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY

The Armed Career Criminal Act ("ACCA") mandates 15-year minimum sentences for persons convicted of certain crimes who have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Petitioner Anthony Holt was convicted of four counts, and his minimum sentence for Count Four ("Possession of a Firearm by a Convicted Felon") was enhanced under the ACCA on the basis of four prior convictions. Holt's § 2241 petition challenges that enhancement, arguing that, because of subsequent changes in the law, three of his four prior convictions no longer qualify as predicate convictions under the ACCA.

Because Holt has already unsuccessfully sought § 2255 review of the same sentence he challenges here, this Court lacks jurisdiction over his petition unless he can invoke § 2255's "savings clause" by establishing that his earlier § 2255 remedy was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Magistrate Judge Patrick A. White recommended denying the petition as successive because Holt had failed to establish the inadequacy of his earlier remedy under the three-prong test of *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). [DE-21.]

Having conducted a *de novo* review of the record, including Holt's objections [DE-22], the Court will affirm Judge White's recommendation to deny Holt's petition, but will do so for different reasons. First, "the savings clause does not cover sentence claims that could have been raised in earlier proceedings." *Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011). Holt argues that (1) under *Johnson v. United States*, 559 U.S. 133 (2010), one of his four predicate convictions was not a "serious drug offense" and (2) under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Shepard v. United States*, 544 U.S. 13 (2005), two others were not committed on different occasions. But Holt has four predicate convictions, and the Court lacks jurisdiction to consider his *Shepard/Apprendi* claim because he could have raised it in earlier proceedings. So even if Holt could prevail on his *Johnson* claim, he would still have three predicate convictions, which would subject him to the same ACCA sentencing enhancement.

Second, "the savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." *Gilbert*, 640 F.3d at 1315. Even without the ACCA enhancement for Count Four, Holt was subject to a statutory maximum of 30 years for Counts One, Two, and Three. His 294-month sentence was therefore well within the statutory maximum for his crimes, and so he is not entitled to collaterally challenge that sentence a second time.

## A. BACKGROUND

On August 21, 2006, Holt was sentenced to 294 months on four counts: conspiracy to distribute and possess with intent to distribute controlled substances (Count One), possession of controlled substances with intent to distribute (Counts Two and Three), and possession of a firearm by a convicted felon (Count Four). In calculating his sentence for Count Four, the sentencing court determined that he was an

armed career criminal under the ACCA because he had the following four predicate convictions:

1) On April 18, 1989, Holt was convicted of possession with intent to sell cocaine. According to the Presentence Investigation Report ("PSI"), the crime took place on July 11, 1988 and he was arrested on August 11, 1988. (PSI ¶ 36.)

2) On April 18, 1989, Holt was convicted of sale of cocaine. According to the PSI, the crime took place on October 6, 1988 and he was arrested the same day. (PSI ¶ 37.)

3) On July 30, 1992, Holt was convicted of possession of cocaine with intent to sell and sale of cocaine. (PSI ¶ 50.)

4) On July 9, 1998, Holt was convicted of attempting to violate Fla. Stat. § 893.135(1)(b)(1) (labelled "trafficking in cocaine"). (PSI ¶ 56; *United States v. Holt*, 246 Fed. Appx. 602, 610 (11th Cir. 2007); *see also* Fla. Stat. § 777.04 (criminal attempt).)

At the sentencing hearing, Holt objected to his designation as an armed career criminal. The sentencing judge, the Honorable Stephan P. Mickle, overruled his objection as follows:

> The government has met its burden through reliable court records showing the defendant has four prior convictions for serious drug offenses. He only needs three to qualify for the armed career criminal designation. . . .
>
> As the court noted above, even though the first and second convictions were consolidated for sentencing, they are temporal distinct; that is, they were committed on different occasions. Each conviction, therefore, counts as a qualifying offense, and I cite the case of United States versus Jackson at 57 F.3d 1012, pages 1017 and 1018, Eleventh Circuit case, 1995.

> The records of the third conviction refute the defendant's contention that his conviction was for simple possession. The records show that the defendant's conviction was for possession with intent to sell and sale of cocaine, which are punishable by more than 10 years' imprisonment under Florida law and qualify as serious drug offenses for the purpose of armed career criminal designation. Accordingly, this objection is overruled.

(Sentencing Tr. [DE-116 in N.D. Fla. Case No. 4:05-cr-46] 21:12–22:18.)

The Eleventh Circuit affirmed his conviction and sentence, specifically rejecting essentially the same arguments that Holt raises here: that his two 1989 convictions should be counted as one conviction, and that his 1998 conviction did not qualify as a "serious drug offense" under the ACCA. First, his two 1989 convictions were temporally distinct because a preponderance of the evidence established that Holt committed the underlying crimes on different occasions. *United States v. Holt*, 246 Fed. Appx. 602, 610 (11th Cir. 2007). Second, "federal law permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs." *Id.* (quoting *United States v. James*, 430 F.3d 1150, 1155 (11th Cir. 2005), *aff'd on other grounds*, 550 U.S. 192 (2007)). Therefore, "Holt's conviction for attempted trafficking of drugs by possessing 400 grams or more of cocaine is within the ACCA's definition of a serious drug offense." *Id.*

Holt filed a § 2255 petition on February 1, 2008, which was denied on March 1, 2011. [*See* DE-137, 164, 166 in N.D. Fla. Case No. 4:05-cr-46.] Undeterred, on February 1, 2012, Holt filed the instant § 2241 petition.

## B. LEGAL STANDARD

Because Holt has already unsuccessfully sought § 2255 review of the same sentence he challenges here, he can only bring another petition if he can invoke § 2255's

"savings clause" by showing that his earlier § 2255 remedy was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To make this showing, a petitioner arguing that his sentence is improper under retroactively-applicable new law must prove that:

(1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, Eleventh Circuit precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition;

(2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent;

(3) that Supreme Court decision applies retroactively on collateral review;

(4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and

(5) the savings clause of § 2255(e) reaches his claim.

See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013); see also Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (citing Bryant).[1]

## C. DISCUSSION

Holt presents a number of creative interpretations of Supreme Court decisions, all in support of his contentions that (1) his two 1989 convictions should be counted as one conviction and (2) his 1998 conviction did not qualify as a "serious drug offense" under the ACCA. Construed liberally, he makes five arguments, which the Court will address in turn.

---

[1] The Eleventh Circuit no longer uses the Wofford test. See Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011) (en banc); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), cert. denied, 133 S. Ct. 2873 (2013) (recognizing that Gilbert rejected the Wofford test).

First, Holt argues that he is "actually innocent" of being an armed career criminal and so is entitled to bring his claim under the savings clause. But an actual-innocence claim requires that a petitioner be "*factually* innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." *McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) (emphasis in original). While Holt asserts that he is "actually innocent of being an ACCA offender" [DE-22 at 7], his specific objection is to the *legal characterization* of his predicate offenses for purposes of ACCA enhancement. He makes no colorable claim that he was factually innocent of any of his predicate offenses, and his time for doing so has passed.

Holt's second and third arguments challenge the sentencing judge's determination that his two 1989 convictions were "committed on occasions different from one another." His second argument is that, under *Apprendi v. New Jersey*, Holt was entitled to have this question submitted to a jury because it concerned a fact "[o]ther than the fact of a prior conviction . . . that increases the penalty for a crime beyond the prescribed statutory maximum." 530 U.S. 466, 490 (2000). His third argument is that the judge's determination violated *Shepard v. United States,* which restricted sentencing courts to a limited set of documents in determining whether a guilty plea was for a "violent felony," because the judge consulted documents outside those authorized by *Shepard*. 544 U.S. 13 (2005). Holt argues that the judge's finding was therefore erroneous, and his two 1989 convictions should only count as one predicate offense.

But these arguments fail to meet the first two *Bryant* requirements. *Apprendi* and *Shepard* were decided respectively in 2000 and 2005. The Eleventh Circuit affirmed Holt's armed-career-criminal designation in 2007, and he filed his first § 2255 petition on February 1, 2008. So Holt could have made *Apprendi* or *Shepard* claims during these earlier proceedings. *See Gilbert*, 640 F.3d at 1319 ("the savings clause does not cover sentence claims that could have been raised in earlier proceedings").

Fourth, Holt argues that his 1998 conviction was not a "serious drug offense" under the ACCA because a "serious drug offense" must involve possession with intent to distribute. *See* 18 U.S.C. § 924(e)(2)(A)(ii). But his 1998 conviction was for violating Fla. Stat. § 893.135(1)(b)(1), which contains no reference to an intent to distribute: it punishes "any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of" at least 28 grams of cocaine. So Holt argues that his 1998 conviction did not necessarily involve possession with intent to distribute.

At sentencing, the judge inferred an intent to distribute from the quantity of drugs, relying on *United States v. James*, 430 F.3d 1150, 1155 (11th Cir. 2005), *aff'd on other grounds*, 550 U.S. 192 (2007) ("[F]ederal law permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs."). Holt argues that this was improper under *Johnson v. United States*, which required federal courts evaluating a prior state-court conviction to defer to state courts' interpretations of the state statute underlying the conviction. 559 U.S. 133 (2010). And under Florida case law interpreting Fla. Stat. § 893.135(1)(b)(1), Holt argues, a court cannot infer possession with intent to distribute from his 1998 conviction. He points to *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011), which applied *Johnson* and held that a conviction under Fla. Stat. § 893.135(1)(b)(1) did not necessarily involve possession because it might have involved only the purchase of 28 grams of cocaine, and Florida state law prohibited a court from inferring "possession" from "purchase." *See Ras v. State*, 610 So. 2d 24, 25–26 (Fla. 2d DCA 1992) (defendant who purchased cocaine on behalf of a co-defendant never had possession).

However, regardless of the merits of Holt's fourth argument, it cannot satisfy *Bryant*'s fourth requirement because, even without his 1998 conviction, Holt already has three predicate offenses under the ACCA: his two 1989 convictions and his 1992

conviction. Holt has made no colorable challenge to the characterization of his 1992 conviction, and as noted above, his challenge to the characterization of his 1989 convictions is foreclosed because he could have raised it in earlier proceedings. So he is subject to the ACCA sentencing enhancement even without the 1998 conviction.

Fifth, Holt argues that he qualifies for § 2255(e)'s savings clause under *Gilbert v. United States*, 640 F.3d 1293, 1315 (11th Cir. 2011) ("the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum") because his designation as an armed career criminal enhanced his sentence above what the statutory maximum would be for someone who was not an armed career criminal. But *Gilbert* held that a prisoner cannot invoke the savings clause to challenge a sentence that was *not* enhanced beyond the statutory maximum. *Gilbert*, 640 F.3d at 1295. *Gilbert* explicitly did not address whether the savings clause could apply to sentences that *were* enhanced above the statutory maximum. *Id.* at 1306 ("we are not deciding that issue, and we do not imply any view about how that issue should be decided when and if it is presented in some other case").

Moreover, Holt's sentence was for four crimes: conspiracy to distribute controlled substances (Count One), possession of controlled substances with intent to distribute (Counts Two and Three), and possession of a firearm by a convicted felon (Count Four). Under *Bryant*'s fourth prong, a petitioner cannot bring a second petition against an alleged sentencing error unless that alleged error resulted in a sentence higher than the maximum punishment under the *statute* that the petitioner was convicted of violating. *See also Gilbert*, 640 F.3d at 1306. And for Counts One through Three, the statute sets a 30-year maximum sentence for anyone with "a prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(C). As noted above, Holt has three such convictions: his two 1989 convictions and his 1992 conviction. (*See also* Sentencing Tr.

[DE-116 in N.D. Fla. Case No. 4:05-cr-46] 3:2–9.) Holt's sentence of 294 months is thus well within the 30-year statutory maximum for his crimes.

### D. CERTIFICATE OF APPEALABILITY

In order to obtain a certificate of appealability, Holt must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented here are adequate to deserve encouragement to proceed further." *Jones v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1349 (11th Cir. 2010). Holt has made no such showing because his claim is squarely foreclosed under the *Bryant* test.

### E. CONCLUSION

It is hereby

ORDERED that

1) The Court AFFIRMS Judge White's recommendation to dismiss the petition, but DECLINES to adopt his conclusions of law.

2) Holt's petition for a writ of habeas corpus [DE-1] is DENIED WITH PREJUDICE.

3) A certificate of appealability is DENIED WITH PREJUDICE.

4) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 23rd day of October, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Counsel of Record